1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10 | DANIEL J. DEFREITAS,

CASE NO. 2:12-CV-00235-JLR

11 |             Plaintiff,

ORDER GRANTING IN PART
AND DENYING IN PART
DEFENDANT'S MOTION FOR A
PROTECTIVE ORDER

12 |            v.

13 | CHARLES TILLINGHAST, et al.,

14 |            Defendants.

### I.      INTRODUCTION

16    This matter comes before the court on Defendant NBC Universal's ("NBCU")

17 (formerly MSNBC) motion for a protective order (Mot. (Dkt. # 37)).  Having considered

18 the parties' briefing, the record, and the relevant law, and neither party having requested

19 oral argument, the court GRANTS in part and DENIES in part NBCU's motion for a

20 protective order.  The court GRANTS the motion for a protective order as to Requests for

21 Production ("RFPs") Nos. 3, 4, and 18, and as to a two-tiered protective order governing

22

ORDER- 1

1   sensitive documents, and GRANTS in part and DENIES in part the motion for a

2   protective order as to RFP No. 16.

3                           II.        BACKGROUND

4        This litigation regards NBCU's alleged employment discrimination against

5   Plaintiff Daniel J. DeFreitas.  NBCU argues that it terminated Mr. DeFreitas for sexual

6   harassment (States Decl. (Dkt. # 40) at 2), while Mr. DeFreitas essentially argues that

7   sexual harassment was a pretext for his termination (Comp. (Dkt. # 3) at ¶¶ 9, 18).

8        NBCU seeks relief from what it characterizes as irrelevant and overly broad RFPs.

9   For example, RFP No. 3 requests production of all Mr. DeFreitas's communications with

10  NBCU employees since 2006.  (Peterson Decl. (Dkt. # 38) Ex. A at 3.)  RFP No. 4

11  requests production of all documents related to any person's communications with Mr.

12  DeFreitas.  (*Id.* at 4.)  RFP No. 16 requests production of all email between Mr. DeFreitas

13  and his alleged sexual harassment victims since 2005.  (*Id.* at 7.)  RFP No. 18 requests

14  production of the company computer Mr. DeFreitas used at NBCU.  (*Id.* at 8.)  NBCU

15  timely objected to these requests on the grounds that they are overbroad and not

16  reasonably calculated to lead to the discovery of admissible evidence.  (Mot. at 6.)

17  NBCU and Mr. DeFreitas discussed the RFPs, but failed to agree to a mutually

18  acceptable limitation. (Peterson Decl. Ex. B-H at 11-29.)

19       NBCU also seeks a protective order for sensitive documents.  It proposes a one-

20  tier protective order if no sensitive business documents are discoverable and a two-tiered

21  protective order otherwise.  (Mot. at 12-13.)  The first tier is any financial and

22  performance information relating to the business operations of NBCNews.com (formerly

1   MSNBC.com). NBCU seeks to classify such information as "Attorney's Eyes Only"

2   ("AEO"). Its concern is that Mr. DeFreitas now works for Patch.com (Peterson Decl. Ex.

3   I at 32), a direct competitor with NBCNews.com, and that such information should not be

4   available to Mr. DeFreitas. (Mot. at 7.)

5       The second tier is information relating to sexual harassment complaints made

6   against Mr. DeFreitas. RFP No. 9 requests production of all documentation related to

7   actions against Mr. DeFreitas for sexual harassment (Peterson Decl. Ex. A at 5.) RFP

8   No. 11 requests production of all documents related to investigations of complaints

9   against Mr. DeFreitas. (*Id.* at 6.) RFP No. 12 requests production of all documents

10  related to statements of complaints against Mr. DeFreitas. (*Id.*)

11      NBCU is prepared and willing to produce that information, but seeks to classify it

12  as "Subject to a Protective Order" ("STPO"). (Mot. at 8.) NBCU's concern is that

13  nonparty victims of sexual harassment should not have their identifying information and

14  the details of their complaints made public. (*Id.*) NBCU and Mr. DeFreitas entered into

15  multiple discussions regarding the treatment of confidential materials, but failed to agree

16  to a mutually acceptable stipulated order. (Peterson Decl. Ex. B-H at 11-29.)

17                  **III.    ANALYSIS**

18  **A.    Standard for Production under Federal Rule 26(b)**

19      "Parties may obtain discovery regarding any nonprivileged matter that is relevant

20  to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). For purposes of discovery,

21  relevant information is that which is "reasonably calculated to lead to the discovery of

22  admissible evidence." *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th

1  Cir. 1992).  The court must limit the scope of discovery otherwise allowable under the

2  federal rules if it determines that "the burden or expense of the proposed discovery

3  outweighs its likely benefit, considering the needs of the case, the amount in controversy,

4  the parties' resources, the importance of the issues at stake in the action, and the

5  importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).

6      In response to a discovery request, the court "may, for good cause, issue an order

7  to protect a party or person from annoyance, embarrassment, oppression, or undue burden

8  or expense." Fed. R. Civ. P. 26(c)(1).  On a motion for a protective order, the party

9  seeking to limit discovery has the burden of proving "good cause," which requires a

10 showing "that specific prejudice or harm will result" if the protective order is not granted.

11 *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011).

12 Even if "good cause" exists, the court must balance the interests in allowing discovery

13 against the burdens to the parties or nonparties.  *Id.* at 425.

14 **B.    Certification of Good Faith**

15     Mr. DeFreitas first argues that no protective order can be granted here because

16 NBCU failed to engage in a good faith conference prior to moving for a protective order.

17 (DeFreitas Resp. (Dkt. # 43) at 4.)  Indeed, a motion for a protective order must include a

18 certification that the movant engaged in a good faith effort to confer with other parties to

19 resolve the dispute.  *See* Fed. R. Civ. P. 26(c)(1); Local Rules W.D. Wash. CR 26(c)(1).

20 The certification must include "the date, manner, and participants to the conference."

21 Local Rules W.D. Wash. CR 26(c)(1).  However, here NBCU has complied with both of

22 these rules.  NBCU's certification includes all the information required by local rule

1  26(c)(1).  (Mot. at 10 (citing Local Rules W.D. Wash. CR 26(c)(1)).)  The parties

2  engaged in four telephone discussions that constituted the meet and confer conferences

3  required by Federal Rule 26(c)(1) and Local Civil Rule 26(c)(1), and NBCU's repeated

4  proactive attempts to reach an agreement constituted good faith.  (Peterson Decl. Ex. B-H

5  at 11-29.)  NBCU meets its burden as movant to certify its good faith attempt to meet and

6  confer with opposing counsel.

7  **C.    NBCU's Request for Relief from Responding to Mr. DeFreitas's RFPs**

8         Having disposed of this preliminary argument, the court turns to the primary

9  subject of the motion.  NBCU argues that four of Mr. DeFreitas's RFPs are overbroad

10  and irrelevant.  It requests relief from responding to these requests.  (Mot. at 10-12.)

11        **1.    RFP Nos. 3 and 4**

12        RFP Nos. 3 and 4 are overbroad and burdensome.  They request production of all

13  communications between Mr. DeFreitas and his coworkers at NBCU going back to June

14  1, 2006, and all documents relating to any person's communication with Mr. DeFreitas at

15  any time:

16        **RFP No. 3**:  Produce any and all documents and/or tangible items in your
       possession, custody or control, including handwritten notes, e-mails and
17        letters, that memorialize any communications Plaintiff had with any of
       Defendant MSNBC Interactive News LLC employees, agents or legal
18        counsel at any time during the period from June 1, 2006 until the present.

19        **RFP No. 4**:  Produce any and all documents and/or tangible items in your
       possession,  custody  or  control  relating  to  any  other  person's
20        communication with Plaintiff.

21  (Peterson Decl. Ex. A at 3-4.)  Mr. DeFreitas's claim, however, is much more narrow,

22  focusing on his April, 2011 termination.  Local Court Rule 26(f) requires that "discovery

ORDER- 5

1    requests and related responses should be reasonably targeted, clear, and as specific as

2    possible." Local Rules W.D. Wash. CR 26(f). RFP Nos. 3 and 4 are not reasonably

3    targeted or specific, and are overbroad on their face. NBCU's burden of producing many

4    years worth of all communications relating to Mr. DeFreitas outweighs the likely benefits

5    to Mr. DeFreitas, and the great cost required to produce all such communications will

6    harm NBCU. Avoiding particularized harm to the party seeking protection constitutes

7    "good cause" for a protective order. *See Phillips ex rel. Estates of Byrd v. Gen. Motors*

8    *Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). For these reasons, the court grants

9    NBCU's motion as to RFP Nos. 3 and 4.

10   **2.    RFP No. 18**

11       RFP No. 18 is also overbroad. RFP No. 18 requests production of the employer-

12   owned computer that Mr. DeFreitas used while employed by NBCU:

13       **RFP No. 18**: Produce Plaintiffs [sic] laptop computer provided by the
         employer for the purpose of copying/cloning its hard drive for forensic
14       purposes.

15   (Peterson Decl. Ex. A at 8.) This request does not meet the requirement of being

16   reasonably targeted and specific. Local Rules W.D. Wash. CR 26(f). Instead, Mr.

17   DeFreitas seeks an entire computer that contains sensitive company information rather

18   than focusing on relevant documents. The fact that the computer contains sensitive

19   company information weighs toward protection from production. Protective orders are

20   appropriate to avoid revealing "a trade secret or other confidential research, development,

21   or commercial information." Fed. R. Civ. P. 26(c)(1)(G).

22

1    Mr. DeFreitas obliquely suggests (although neither party specifically requests) that

2    the computer should be produced under a protective order protecting sensitive

3    information. (Resp. (Dkt. # 43) at 3.) But such a protective order would cause an undue

4    burden on NBCU. The computer contains 135 gigabytes of data, 39 of which are email

5    or other user-created documents. (Peterson Decl. at 5.) Requiring NBCU to review all of

6    that data for confidential information would be extremely costly and burdensome. Such

7    "unfocused fishing expeditions" are discouraged by Federal Rule of Civil Procedure

8    26(b). *See, e.g., Newman v. San Joaquin Delta Cmty. Coll. Dist.*, No. 2:09-cv-03441

9    WBS KJN, 2011 WL 1743686, at *4 (E.D. Cal. May 6, 2011). NBCU's burden

10   outweighs the likely benefit to Mr. DeFreitas since most of the information contained on

11   the computer is unlikely to be relevant to Mr. DeFreitas's termination. Avoiding the

12   harm that comes with such a burden constitutes "good cause" for a protective order. *See*

13   *Phillips*, 307 F.3d at 1210-11. For these reasons, the court grants NBCU's motion as to

14   RFP No. 18.

15        **3.    RFP No. 16**

16        Unlike the other contested RFPs, RFP No. 16 complies with Local Court Rule

17   26(f), as it is clear, specific, and related to the pending litigation. Local Rules W.D.

18   Wash. CR 26(f). RFP No. 16 requests production of all communications between Mr.

19   DeFreitas and his alleged sexual harassment victims:

20        **RFP No. 16**:  Produce all email between, [sic] Plaintiff and any alleged
          victims of sexual harassment from 2005 to the date [sic] Plaintiff's
21        termination.

22

ORDER- 7

1   (Peterson Decl. Ex. A at 7.)  The requested information could reasonably lead to the

2   discovery of admissible evidence regarding the truth of NBCU's stated reason for Mr.

3   DeFreitas's termination. *See* Fed. R. Civ. P. 26(b)(1).  It is, however, not narrowly

4   tailored as it seeks all email sent or received.  As such, NBCU shall determine the cost of

5   complying with RFP No. 16.  NBCU and DeFreitas shall each be responsible for one-half

6   of the cost.  Alternatively, DeFreitas may propose a more narrow RFP.  As such, the

7   court grants in part and denies in part NBCU's motion as to RFP No. 16.

8   **D.    NBCU's Request for a Protective Order Protecting Sensitive Documents**

9          The court now turns to NBCU's requested protective order regarding sensitive

10   documents.  NBCU proposes a one-tier protective order dependent on the contingency of

11   the court granting full relief as to RFP Nos. 3, 4, 16, and 18, based on the presumption

12   that no sensitive business documents would thus be produced.  (Mot. at 12-13.)

13   Alternatively, NBCU proposes a two-tiered protective order dependent on the

14   contingency of the court not granting full relief as to RFP Nos. 3, 4, 16, and 18.  (Mot. at

15   13-14.)  The two-tiered protective order contemplates different levels of protection for

16   sensitive business documents and sensitive personnel documents.  (*Id.*)  Because the court

17   grants in part and denies in part the motion for relief from RFP Nos. 3, 4, 16, and 18, a

18   two-tiered protective order is appropriate.[1]

19   //

20

21        [1] Because AEO designations can make litigation very onerous, the court expects both
22   parties to use that designation sparingly and only where absolutely necessary.  The procedure for
     challenging AEO designations is described in the protective order. (Mot. Ex. B. at 10.)

ORDER- 8

1       **1.      Attorney's Eyes Only ("AEO") Designation**

2               NBCU seeks a designation of AEO for all documents that contain sensitive

3       business information.  (Mot. at 13-14.)  A court may enter a protective order providing

4       "that a trade secret or other confidential research, development, or commercial

5       information not be revealed or be revealed only in a designated way."  Fed. R. Civ. P.

6       26(c)(1)(G).  The Ninth Circuit recognizes that district courts have great flexibility to

7       protect documents under that provision.  *See Phillips*, 307 F.3d at 1211 ("The

8       law . . . gives district courts broad latitude to grant protective orders to prevent disclosure

9       of materials for many types of information, including, *but not limited to*, trade secrets or

10      other confidential research, development or commercial information.").

11              Federal Rule of Civil Procedure 26(c)(1) requires that the movant for a protective

12      order demonstrate good cause that such an order would "protect the party from

13      annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P.

14      26(c)(1).  NBCU has carried its burden of demonstrating good cause for the court to issue

15      a protective order to ensure that documents designated as AEO will be viewed only by

16      Mr. DeFreitas's attorney.  The documents for which NBCU seeks AEO protection

17      contain information about finances, strategy, competitive market research, and

18      confidential agreements.  (Mot. at 13-14.)  Because Mr. DeFreitas now works for a direct

19      competitor of NBCU (Tillinghast Decl. (Dkt. # 39) at 3), a designation of AEO for

20      sensitive business documents would shield NBCU from the undue burden and specific

21      harm of providing proprietary information to a competitor.  *See UCC Ueshima Coffee*

22      *Co., Ltd. v. Tully's Coffee Corp.*, No. C06-1604RSL, 2007 WL 710092, at *2 (W.D.

1    Wash. Mar. 6, 2007) (allowing movant to designate confidential commercial information

2    as AEO where disclosure to the nonmoving party would cause specific harm and

3    prejudice to the movant).

4         RFP No. 16 requests production of all communications between Mr. DeFreitas and

5    his alleged victims of sexual harassment. (Peterson Decl. Ex. A at 7.) Because such

6    communications between NBCU employees may contain sensitive business information,

7    NBCU's burden outweighs the likely benefit to Mr. DeFreitas, and so the court grants the

8    motion for a protective order allowing AEO designations for sensitive business

9    information produced under RFP No. 16.

10         **2.    Subject to Protective Order ("STPO") Designation**

11         NBCU seeks a designation of STPO for all documents that contain sensitive

12    personal information about the nonparties allegedly sexually harassed by Mr. DeFreitas.

13    (Mot. at 13.) Specifically, NBCU wishes to produce responsive documents to RFP Nos.

14    9, 11, and 12 only under a protective order. (Mot. at 8.) A court may enter a protective

15    order "to protect a party *or person* from annoyance, embarrassment, oppression, or undue

16    burden or expense . . . ." Fed. R. Civ. P. 26(c)(1) (emphasis added). District courts have

17    broad discretion to grant protective orders. *See, e.g., Phillips*, 307 F.3d at 1211. This

18    discretion extends to the personnel files of nonparties. *See Knoll v. Am. Tel. & Tel. Co.*,

19    176 F.3d 359, 365 (6th Cir. 1999) ("Courts have also specifically granted such orders to

20    protect nonparties from the harm and embarrassment potentially caused by

21    nonconfidential disclosure of their personnel files."); *see also Seiter v. Yokohama Tire

22    Corp.*, No. C08-5578 FDB, 2009 WL 4640624, at *1 (W.D. Wash. Dec. 7, 2009)

ORDER- 10

1  (protecting highly relevant personal information of nonparties from full public

2  dissemination).

3         RFP Nos. 9, 11, and 12 specifically request detailed information about the alleged

4  sexual harassment incidents:

5         **RFP No. 9**:  Produce any and all documents and/or tangible items that
          relate in any way to any of the lawsuit(s), arbitration(s), claim(s), or
6         proceeding(s) that involve Plaintiff and claims of sexual harassment.

7         **RFP No. 10**:  Produce any and all documents and/or tangible items related
          to investigations of complaints against Plaintiff.
8
          **RFP No. 11**:  Produce any and all documents and/or tangible items related
9         to statements of complaints against Plaintiff.

10  (Peterson Decl. Ex. A at 5-6.)  The alleged victims have expressed concern about the

11  potential damage to their careers should the details be made public.  (States Decl. at 2.)

12  Thus, good cause exists for a protective order to shield the nonparties from "annoyance,

13  embarrassment, oppression, or undue burden or expense."  *See* Fed. R. Civ. P. 26(c)(1).

14  The burden to the nonparty victims outweighs the likely benefits to Mr. DeFreitas.  *See In*

15  *re Roman Catholic Archbishop*, 661 F.3d at 425.  The court grants the motion for a

16  protective order allowing any sensitive personal information of nonparties produced

17  under RFP Nos. 9, 11, and 12 to be designated STPO.

18                              IV.      **CONCLUSION**

19         The court GRANTS the motion for a protective order as to RFP Nos. 3, 4, and 18,

20  and as to a two-tiered protective order governing sensitive documents, and GRANTS in

21  part and DENIES in part the motion for a protective order as to RFP No. 16.

22

ORDER- 11

1    The proposed order set forth at Dkt. # 37, Ex. B is hereby ENTERED and

2    incorporated by reference with the following alterations:

3        • In Section G, entitled "Confidentiality Challenge," the following is hereby

4            inserted following the final sentence of that section to conform to the

5            Model Stipulated Protective Order:

6    "The burden of persuasion in any such motion shall be on the designating party."

7        • The title and content of Section D, entitled "Use in Briefs, Exhibits,

8            Testimony, and Other Documents," shall be entirely struck.  The excised

9            title and language of Section D shall be replaced with the following title

10            and language in order to conform to the Model Stipulated Protective Order:

11    "**D.**    **Filing Confidential Material**.  Before filing confidential material or
     discussing or referencing such material in court filings, the filing party shall confer
12    with the designating party to determine whether the designating party will remove
     the confidential designation, whether the document can be redacted, or whether a
13    motion to seal or stipulation and proposed order is warranted.  Local Civil Rule
     5(g) sets forth the procedures that must be followed and the standards that will be
14    applied when a party seeks permission from the court to file material under seal."

15        • In Section L, entitled "Modification," the following is hereby inserted at the

16            end of the final sentence of that section:

17    ", or the court may change the terms of the protective order on its own motion
     after notice to the parties and an opportunity to be heard."

18
     Dated this 17th day of January, 2012.
19

20

21    JAMES L. ROBART
     United States District Judge
22

ORDER- 12